UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS WILLIAMS, *

PETITIONER *

*

V. * CASE No.: S-02-0236 & S-02-0426

*

*

UNITED STATES OF AMERICA, *
  DEFENDANT *

*

*

**************************************************************

MOTION TO REDUCE TERMS OF
IMPRISONMENT UNDER TITLE
18 U.S.C. § 3582 (c) (2)

Comes Now, the petitioner, Thomas Williams in Pro-Se of himself respectfully moves this Honorable Court for an Order to Reduce his terms of imprisonment under TITLE 18 U.S.C. § 3582 (C) (2) for grounds therefore states as follows:

(1)   On December 9, 2002 the petitioner was sentenced to the custody of the Bureau of Prisons for a term of 214 months with a term of 4 years Supervised Release pursuant to his plea of conviction of Bank Robbery in violation of 18 U.S.C. § 2113 (a) (d) and (f) Use of a Weapon in violation of 18 U.S.C. § 924 (c) and Possession Of A Firearm By A Convicted Felon in violation of 18 U.S.C. § 922 (g) (1)

(2)   The petitioner is currently incarcerated at the United Penitentiary Tucson, in Tucson Arizona.

(3)   Effective November 1, 2000 the United States Sentencing

( 1 )

Commission Amended U.S. Guidelines U.S.S.G. § 2k2.1 which establishes the offense level for Firearm Offenses, removing the enhancement penalty (Gun Bump). In addition the commission voted to make the Amendment Retroactive.

(4) A motion under 18 U.S.C. § 3582 (c) (2) should be used when the U.S. Sentencing Commission has amended the Sentencing Guidelines and explicitly voted to make that Amendment retroactive. Such amendments are eventually listed in Section 1B1.10(c) of the Sentencing Guidelines. There is "NO TIME" limit for filing of a 3582 (c) (2) Motion.

(5) By applying the amended guidelins, which removed the enhancement penalty (gun bump) may result in a shorter prison term for the petitioner, possibly a five level decrease if not more in the sentence that was imposed before by this court. In the past, most courts did this on the motion, thus eliminating bringing the effected petitioner back to court for re-sentencing.

(6) Wherefore, it is respectfully requested that this Honorable Court will apply the amended guidelines of 2K2.1 to the petitioner's term of imprisonment reducing his sentence pursuant to 18 U.S.C. § 3582 (c) (2) and in comformity with removal of the enhancement penalty (gun bump) where as he prays.

Date: 5/6/08        2008

Respectfully Submitted

*Thomas Williams*

Thomas Williams # 34655-037
United States Penitentiary Tucson
Post Office Box 24550
Tucson, Arizona 85734-4550

( 2 )

# CERTIFICATE OF SERVICE

I, __THOMAS WILLIAMS # 34655-037__, hereby certify that I have served a true and correct copy of the foregoing: __18 U.S.C. § 3582 (C) (2) MOTION__

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:  UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF MARYLAND
GARMATZ FEDERAL COURTHOUSE
101 W. LOMBARD STRRET
BALTIMORE, MARYLAND 21201

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __6th__ day of __MAY/08__,

Respectfully Submitted,

_Thomas Williams_

REG. NO. __34655-037__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS WILLIAMS,
    PETITIONER

V.                                      CASE No.: S-02-0236 & S-02-0426

UNITED STATES OF AMERICA,
    RESPONDENT

************************************************************

DECLARATION OF THOMAS WILLIAMS
IN SUPPORT OF 18 U.S.C. § 3582 (c) (2)
MOTION

I, Thomas Williams # 34655-037 hereby declare:

(1) I am the moving defendant in this case.

(2) On September 23, 2002, I was convicted by guilty plea of Crime of Bank Robbery involving 4 counts of 18 U.S.C. §§ [ 2113 (a) (d) and (f); 924 (c); 922 (g) (1) ]

(3) Under former U.S.S.G § 2K2.1 I was sentenced on December 9, 2002 to 214 months and 4 years Supervising Release.

(4) The Sentencing Commission has retroactively amended 2K2.1 lowering my sentence range.

(5) There on controlling Supreme Court precedent, I respectfully request a sentence reduction.

(6) I declare under 28 U.S.C. § 1746 penalty of perjury the foregoing is true and correct.

Date: 5/6/08 2008

Respectfully Submitted

Thomas Williams # 34655-037
United States Penitentiary Tucson
Post Office Box 24550
Tucson, Arizona 85734-4550

# CERTIFICATE OF SERVICE

I, __THOMAS WILLIAMS # 34655-037__, hereby certify that I have served a true and correct copy of the foregoing: __18 U.S.C. § 3582 (C) (2) MOTION__

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:   UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF MARYLAND
GARMATZ FEDERAL COURTHOUSE
101 W. LOMBARD STRRET
BALTIMORE, MARYLAND 21201

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __6th__ day of __MAY 08__

Respectfully Submitted,

_Thomas Williams_

REG. NO. __34655-037__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS WILLIAMS,
    PETITIONER

V.

UNITED STATES OF AMERICA,
    RESPONDENT

CASE No.: S-02-0236 & S-02-046

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM OF POINT AND
AUTHORITIES IN SUPPORT OF THE
18 U.S.C. § 3582 (c) (2) MOTION

1. The petitioner was sentenced to 214 months using the former § 2K2.1 Guidelines which sentencing range has been retroactively lowered by the Sentencing Commission

ARGUMENT

1. Because petitioner's post 2000 § 2K2.1 sentence range has been lowered (amended) retroactively (§ 1B1.10) this court in sentencing should both "reduce his sentence of 214 using § 3553 (a) factors". 18 U.S.C. § 3582 (c) (2) consistent with **United States v. Hicks**, 472 F. 3d 1167 (9th Cir. 2007 ). By applying the amended guidelines which changed the enhancement penalty (gun bump) and added possibilities of post **"Booker"** law may result in a shorter prison term for petitioner.

2. Relief also can be obtained from a mandatory mimimum under § § 3553 (e) or (f) in the context of the 3582 (c) (2) re-sentencing even if petitioner was originally sentenced before these sections were enacted. United States v. Mihm 134 F. 3d 1353

( 1 )

1355 (8th Cir. 1998) In a § 3582 (c) (2) resentencing district court can apply § 3553 (f)'s safety value to reduce sentence below the mandatory minimum because 3553 (f) is a general sentencing consideration that the District Court must take into account in exercising, its present discretion to resentence under § 3582 (c) (2). United States v. Reynolds, 11 F.3d 132 (Table) (6th Cir. 1997) Defendant eligilble for § 3582 (c) (2) resentencing is also eligible for reduction based on § 3553 (f) because it applies to all sentences that are imposed "after the statutes effective date. Settembrino v. United States, 125 F.Supp. 2d 511,517 ( S.D.Fla. 2000 ) When faced with a section 3582(c) (2) resentencing a District Court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety value relief of section 3553 (f).

3.   In a § 3582(c) (2) resentencing, the judge first determines what guidelines sentence would have been at the time of original sentencing if the amended guideline applied, then determines whether to exerices his/her discretion under all relevant statutory sentencing factors that exist at the time of resentencing, whether they existed at the original sentencing or not. See: "Mihm", 134 F. 3d at 1355. Because a **Mandatory System** is **No** longer an open choice, district courts are **necessarily** endowed with the discretion to depart from the guidelines when issuing new sentences under § 3582 (c) (2)citing, Booker v. United States, 543 U.S. 220, 263 (2005); United States v. Jones, 2007 WL 2703122 (D.Kan. Sept.17, 2007); United States v. Forty Estemera, 498 F. Supp. 2d 468, 471-72 (D.P.R. 2007); Gall v. United States, 128 U.S. S.Ct.568, 591 (2007).

4.   Lastly, with respect to this Honorable Court, under 18 U.S.C.

( 2 )

§ 3553 (a), this court may consider matters of Post_Conviction Rehabilitative efforts which include a range of **Educational, Vocational, Self-help, Academic, Bureau Of Prison's Certificates or Programs** that have successfully been completed since arrest and incarceration. The petitioner does have the following: (1) Drug Program (2) Buying & Selling Used Cars (3) Plumbing (4) Aids Awareness (5) Beginning Aerobics

(5)   **Wherefore as,** the petitioner respectfully request and prays that this Honorable Court grant this motion due to all of the Points Of Authorities listed in this Memorandum Of Support thereof as he prays.

                                              Respectfully Submitted

                                              *Thomas Williams*

                                              THOMAS WILLIAMS # 34655-037
                                              UNITED STATES PENITENTIARY TUCSON
                                              POST OFFICE BOX 24550

Date: 5/6/08 _____2008   TUCSON, ARIZONA 85734-4550

)( 3 )

# CERTIFICATE OF SERVICE

I, **THOMAS WILLIAMS # 34655-037**, hereby certify that I have served a true and correct copy of the foregoing: **18 U.S.C. § 3582 (C) (2) MOTION**

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:   **UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF MARYLAND
GARMATZ FEDERAL COURTHOUSE
101 W. LOMBARD STRRET
BALTIMORE, MARYLAND 21201**

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this ___6___ day of __MAY 08__

Respectfully Submitted,

*Thomas Williams*

REG. NO. 34655-037